## Charles H. Lang, Appellee, v. Fred W. Blocki et al., Appellants.

## Gen. No. 23,720.

1. INSURANCE, § 25*—*how capital stock may not be used.* There is nothing in Hurd's Rev. St. ch. 73, sec. 179 (J. & A. ¶ 6456) which warrants the conclusion that money subscribed for the capital stock of a life insurance company may be used by the corporators for the necessary expenses incurred in the formation of the company.

2. INSURANCE, § 25*—*what is duty of corporators of proposed company as to proceeds from subscriptions to stock.* The corporators of a proposed life insurance company are trustees of the funds received from subscriptions to the stock and are required to conserve such funds and turn them over to the company when the organization is completed, and if this is not done but the funds are expended for other purposes, a subscriber who does not acquiesce in the expenditure may sue the corporators for money had and received.

3. CORPORATIONS, § 25*—*when corporators are liable to subscriber for amount of subscription.* Where one subscribing for stock in a proposed corporation pays his subscription to the corporators and the corporation is never completed, he may recover against the corporators in an action for money had and received, even though the money was honestly spent in endeavoring to complete the organization and plaintiff sets up no claim of fraud, misrepresentation or deceit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lang v. Blocki, 211 Ill. App. 338.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1917.   Affirmed.   Opinion filed May 15, 1918. Rehearing denied May 28, 1918.

ADELOR J. PETIT and CHARLES F. McELROY, for appellants; JOSEPH J. THOMPSON, of counsel.

JOHN W. CREEKMUR and DONALD J. DE WOLFE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Charles H. Lang brought suit in the Municipal Court of Chicago against Fred W. Blocki, Sephas S. Driver, Julius C. Kirchner, Monroe Mundhenk, Maurice A. Barnett, Gilman W. Petit, David S. Rose, George W. Peck and Charles E. Gavin, to recover $1,000 and interest thereon.   The defendants, Blocki, Driver, Kirchner, Mundhenk, Petit and Barnett, were served with process or filed their appearance.   The other defendants were not served and did not appear. There was a trial before the court without a jury and a finding and judgment in favor of plaintiff for $1,093.75, to reverse which this appeal is prosecuted.

The record discloses that the nine defendants named on or about August 28, 1911, associated themselves together for the purpose of organizing a life insurance company under the laws of the State of Illinois; that they had taken certain steps in the organization of the company and sought subscribers to the capital stock; that plaintiff paid to defendants $1,000 for fifty shares of stock, which was to be issued when the company was completely organized..   The plan of the defendants to organize the corporation proved abortive and was abandoned.   Thereafter plaintiff demanded the return of his money.   The demand was refused on the ground that the money had all been spent for legiti-

mate purposes in endeavoring to complete the organization of the corporation. Thereupon this suit was brought.

The defense interposed was that plaintiff had specially authorized defendants to expend the money for the expenses of selling stock, rents, clerk hire and other ordinary and usual expenses in and about procuring subscriptions to the capital stock and completing the organization of the proposed company, and that the money was so spent. The defendants further contended that the plaintiff knew the money was to be used for the purposes mentioned, and that he offered no objections but acquiesced therein. On the trial of the case, the defendants made no attempt to prove that plaintiff specifically authorized the expenditure of the money, but claimed that plaintiff knew that the money was being spent by defendants in an endeavor to complete the organization, and that plaintiff made no objection thereto, and in support of this latter contention it is argued that knowledge that the money was being expended was brought home to plaintiff by the fact that defendants had caused to be published the charter of the proposed company in a newspaper published and in general circulation in the City of Chicago, as required by paragraphs 178 and 179 of chapter 73, Rev. St. (J. & A. ¶¶ 6455, 6456). Paragraph 179 provides that whenever the corporators of a proposed life insurance company receive from the insurance superintendent a certified copy of the charter, it shall be published, and that they may then open books to receive subscriptions to the capital stock. The charter which was published provides, *inter alia,* that the corporators shall in advance fix the salaries to be paid to the officers, and that they shall pay all necessary expenses and costs of the organization, hire and employ all necessary help, fix the salaries of such help and employees, rent offices, provide and pay all necessary traveling expenses incident to the organization,

and keep a just and true account of all receipts and disbursements; that they shall render the stockholders a full and complete account of all receipts and disbursements, together with vouchers and receipts for all expenditures, and shall turn over to the directors and officers of the company, when elected, all moneys and property, etc. And in addition to this notice, it is argued that it is the law that all persons subscribing for stock of a proposed corporation are presumed to know the provisions of its charter and articles of incorporation, and therefore the defendants had a right to expend the moneys in the necessary expenses incurred in the formation of the corporation, and that as plaintiff did not object he is presumed to have acquiesced in such expenditures and cannot recover.

There is no statement in the charter as published to the effect that the moneys of the subscribers in the proposed company were to be expended in the necessary expenses incurred in the formation of the company. Nor do we think there is anything in the statute referred to that would warrant the conclusion that such moneys could be used in the manner contended for. The corporators of a proposed life insurance company, such as the one in the instant case, are trustees of the funds received from subscribers, and it is their duty to conserve such funds and turn the same over to the company when the organization is completed, and if this is not done, and the money is expended for other purposes and such action has not been acquiesced in by the subscriber, he may sue the corporators in an action for money had and received. *Greiger v. Salzer* (Colo.), 165 Pac. 240; *Watson v. Donald*, 142 Ill. App. 110.

Defendants further contend that there can be no recovery in this case, for the reason that plaintiff must allege and prove that the defendants are guilty of misrepresentation, fraud and deceit which induced plaintiff to subscribe for stock; that the representations when made were known by the defendants to be

false and were designedly made for the purpose of deceiving plaintiff, and that plaintiff acted as an ordinarily prudent person and honestly relied upon such representations to his injury, and that there is no such charge in the instant case, but on the contrary it appears that the money was honestly spent for legitimate purposes. It is true that there is no claim of misrepresentation or fraud or deceit made by plaintiff, and it further appears that the money was honestly spent in endeavoring to complete the organization, but this is no defense. Where a subscriber of stock in a proposed corporation pays money therefor to the corporators, and the corporation is never completed, he may recover in an action for money had and received. *Watson v. Donald, supra; Greiger v. Salzer, supra; Miller v. Denman,* 49 Wash. 217; *Kempson v. Saunders,* 4 Bing. (Eng.) 5.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*